## Alex. Pence v. Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 3—756.]

**Selling Liquor Without a License.**

Any tavern keeper or merchant who sells spirituous liquors without having obtained a license to do so is guilty of violating the law.

**Definition of the Word Merchant.**

A merchant, as the term is used under the liquor-license law, is a person whose business is that of retailing merchandise and one is not a merchant whose business it is to sell liquors alone, and before the county court is authorized to grant a license to a merchant to sell liquors, it must be satisfied that he has not assumed the name and business of a merchant with the view and object of obtaining a license to sell spirituous liquors.

APPEAL FROM MADISON CIRCUIT COURT.

April 1, 1882.

Opinion by Judge Lewis:

The defendant was indicted or intended to be indicted for a violation of the Gen. Stats. 1881, Ch. 92, Art. 3, § 5, by which it

38

is provided that any tavernkeeper or merchant who shall sell spirituous liquors without having obtained a license therefor, shall on conviction be fined $60.

There is no evidence in this case showing, or tending to show, that the defendant was a merchant, in the meaning of the statute, at the time the liquor is proved to have been sold by him.

A merchant is defined in Gen. Stat. (1881), Ch. 106, Art. 2, § 2, to be a person whose business is that of retailing merchandise, and before the county court is authorized to grant license to a merchant to sell liquors, it must be satisfied that "he has not assumed the name and business of a merchant with the view and object of obtaining a license to sell spirituous liquors." This shows conclusively that the legislature did not intend that a person engaged in selling liquors alone should be deemed a merchant entitled to license, subject to the penalty imposed upon a merchant for selling without having obtained a license therefor.

The instructions of the court being in conflict with this opinion the judgment is *reversed* and cause remanded with instructions to grant to defendant a new trial and for further proceedings consistent herewith.

*J. W. Caperton, for appellant.*

*P. W. Hardin, for appellee.*